# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**STEPHEN C. SHERMAN,**

    **Petitioner,**

    v.                                    **Case No. 11-CV-197**

**MICHAEL A. DITTMANN,**

    **Respondent.**

## DECISION AND ORDER DENYING PETITION
## FOR WRIT OF HABEAS CORPUS AND DISMISSING CASE

On February 22, 2011, petitioner Stephen C. Sherman ("Sherman") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition states Sherman was convicted of one count of repeated second degree sexual assault of the same child in violation of Wis. Stat. § 948.025(1)(b), two counts of second degree sexual assault of a child in violation of Wis. Stat. § 948.02(2), two counts of sexual assault of a student by school staff in violation of Wis. Stat. § 948.095(2), and one count of sex with a child 16 years or older in violation of Wis. Stat. § 948.09. (Docket # 1 at 2.) Sherman was sentenced to a total sentence of 30 years, 15 years in prison to be followed by 15 years extended supervision. (*Id.*)

Sherman challenges his judgments of conviction which were entered on July 6, 2006 and July 19, 2006. In his petition, Sherman alleges that:

> Postconviction counsel failed to adequately raise, bring forth, and/or effectively litigate the sentencing court's violation of the due process/equal protection clause of the Fourteenth Amendment by its failure to consider an applicable analogous sentencing guideline when imposing petitioner's controlling sentence.

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a) (E.D. Wis.). The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73 (E.D. Wis.).

This Court conducted a preliminary examination of the petition in accordance with Rule 4 of the Rules Governing § 2254 Cases. By order filed March 18, 2011, this Court determined that "it does not plainly appear from 'the petition and any attached exhibits' that Sherman is not entitled to relief." (Docket # 6.) Thus, this court ordered respondent Warden Michael A. Dittmann ("respondent") to answer the petition for a writ of habeas corpus. The respondent answered the petition. The parties subsequently briefed the petition for a writ of habeas corpus and the petition is ready for disposition. For the reasons stated below, the petition for writ of habeas corpus will be denied and the case dismissed.

## RELEVANT FACTUAL BACKGROUND

Sherman was charged with various counts of sexual assault in both Outagamie and Brown County. (Petitioner's Br. at 5, Docket # 25.) Sherman pled no contest in Outagamie County to one count of repeated second degree sexual assault of the same child in violation of Wis. Stat. § 948.025(1)(b) and to one count of sexual assault of a student by school staff in violation of Wis. Stat. § 948.095(2). (Answer, Ex. p. 56, 92, 658.) Sherman pled no contest in Brown County to one count of sex with a child 16 years or older in violation of Wis. Stat. § 948.09, one count of sexual assault of a student by school staff in violation of Wis. Stat. § 948.095(2), and two counts of second degree sexual assault of a child in violation of Wis. Stat. § 948.02(2). (Answer, Ex. p. 4, 52, 54, 68-71, 620, 623-24.) The cases were consolidated for sentencing in Outagamie County. (Petitioner's Br. at 5.)

Sherman was sentenced on June 27, 2006 to fifteen years of initial confinement followed by fifteen years of extended supervision. (*Id.* at 6.) Sherman was sentenced to concurrent sentences for the six counts of which he was convicted. Sherman's controlling sentence was for violation of Wis. Stat. § 948.025(1)(b), repeated second degree sexual assault of the same child. (Petitioner's Br. at 9.) On February 15, 2007, represented by counsel, Sherman filed a motion for resentencing pursuant to Wis. Stat. § 809.30. (Petitioner's Br. at 6; Answer, Ex. p. 330.) At the time Sherman was sentenced, Wis. Stat. § 973.017(2)(a) (2005-2006) required a court imposing a sentence for a felony to consider "the sentencing guidelines adopted by the sentencing commission under s. 973.30 or, if the sentencing commission has not adopted a guideline for the offense, any applicable temporary sentencing guideline adopted by the criminal penalties study committee created under 1997 Wisconsin Act 283."[1]

This motion was denied by the court on March 30, 2007. (Answer, Ex. p. 116.) Sherman appealed the denial of his motion for resentencing. (Answer, Ex. p. 117-118.) The Wisconsin Court of Appeals affirmed the trial court's decision in *State of Wisconsin v. Sherman*, 2008 WI App 57, 310 Wis. 2d 248, 750 N.W.2d 500, on March 18, 2008. (Answer, Ex. p. 328-335.) Sherman filed a petition for review in the Wisconsin Supreme Court, which was denied on June 10, 2008. (Answer, Ex. p. 367.)

On April 24, 2009, Sherman filed a *pro se* postconviction motion pursuant to Wis. Stat. § 974.06 arguing his postconviction counsel was ineffective for failing to raise ineffectiveness of trial counsel and for failing to raise the trial court's violation of his due process rights. (Answer, Ex. p. 129-141.) At Sherman's request, counsel was appointed in July 2009. (Petitioner's Br. at 6.) A

---

[1] Wis. Stat. § 973.017(2)(a) (2005-2006) was repealed in 2009. *See* 2009 Wis. Act 28, § 3386m.

hearing on Sherman's motion was originally calendared for August 27, 2009, at which time it was anticipated Sherman's trial and post-conviction counsel would testify. (Answer, Ex. p. 175.) However, instead of a motion hearing, a status conference was held on August 27, 2009 in which the parties sought guidance from the court regarding structuring the testimony of the attorneys. (*Id.*) A hearing was then scheduled for November 17, 2009. (*Id.*) On November 16, 2009, Sherman's counsel was informed the November 17, 2009 hearing was cancelled and the court would issue a written decision. (*Id.*) On November 17, 2009, the court issued a written decision denying Sherman's motion. (*Id.*)

Sherman filed a motion for reconsideration, which was denied by the court on February 4, 2010. (Answer, Ex. p. 185.) Sherman, acting *pro se*, appealed this decision. (Answer, Ex. p. 186.) The court of appeals affirmed the trial court's decision on October 26, 2010 in *State of Wisconsin v. Sherman*, 2010 WI App 159, 2010 WL 4188133 (unpublished). (Answer, Ex. p. 476-484.) Sherman filed a motion for reconsideration in the court of appeals, which was denied on November 16, 2010. (Answer, Ex. p. 485-490.) Sherman filed a petition for review in the Wisconsin Supreme Court, which was denied on February 7, 2011. (Answer, Ex. p. 527.)

## STANDARD OF REVIEW

The habeas corpus statute was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104-132, 100 Stat. 1214, which provides in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

- 4 -

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This provision entitles federal courts acting within their jurisdiction to interpret the law independently, but requires them to refrain from "fine tuning" state court interpretations. *Lindh v. Murphy*, 96 F.3d 856, 870-77 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320 (1997). "Thus, although this court reviews the state court's legal conclusions and mixed questions of law and fact de novo, that review is 'tempered by AEDPA's deferential constraints.'" *Hereford v. McCaughtry*, 101 F. Supp. 2d 742, 746 (E.D. Wis. 2000) (quoting *Sanchez v. Gilmore*, 189 F.3d 619, 623 (7th Cir. 1999)).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000) (quoting *Williams v. Taylor*, 120 S.Ct. 1495, 1519 (2000)). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

> [U]nder the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

*Washington*, 219 F.3d at 628. The court further explained that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 120 S.Ct. at 1523).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper*, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748-49 (7th Cir. 1997). In *Morgan v. Krenke*, the court explained that:

> Unreasonableness is judged by an objective standard, and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565-66 (7th Cir. 2000) (quoting *Williams*, 120 S.Ct. at 1522), *cert. denied*, 532 U.S. 951 (2001). Accordingly, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. *Washington*, 219 F.3d at 627.

## ANALYSIS

### I. Exhaustion and Procedural Default

#### *A. Exhaustion*

A federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his available state remedies prior to seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Malone v. Walls,* 538 F.3d 744, 753 (7th Cir. 2008). "This so-called exhaustion-of-state-remedies doctrine serves the interests of federal-state comity by giving states the first opportunity to address and correct alleged violations of a petitioner's federal rights." *Lieberman v. Thomas*, 505 F.3d 665, 669 (7th Cir. 2007). Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus is the duty to

fairly present his federal claims to the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted to that court. *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). In dealing with this issue, courts "have sought to avoid hypertechnicality and to enforce the Supreme Court's mandate in light of its purpose-to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue." *Id.* A petitioner need not cite "book and verse of the federal constitution" to present a constitutional claim. *Id.* (internal citation and quotations omitted). Further, a habeas petitioner may reformulate somewhat the claims made in state court; exhaustion requires only that the substance of the federal claim be fairly presented. *Id.*

To determine whether a constitutional issue has been fairly presented, the court considers four factors: 1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases that apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation. *Ward v. Jenkins,* 613 F.3d 692, 696-97 (7th Cir. 2010). In determining whether a claim has been fairly presented, a court must liberally construe *pro se* petitions. *Id.* at 697.

Here, as a threshold matter, although Sherman styled his petition as one of a single issue, a review of the petition shows two intertwined claims. His "chief claim" is a Fourteenth Amendment due process/equal protection violation that occurred at the time of his sentencing.

(Petitioner's Reply Br. at 5, Docket # 28.) The second claim is a Sixth Amendment claim of ineffective assistance of counsel for counsel's failure to raise the Fourteenth Amendment violation at the time of Sherman's direct appeal. (*Id.*)

Respondent argues Sherman did not exhaust either of these claims. (Resp. Br. at 1-12; Docket # 27.) The Court disagrees. A review of the record before the state court shows that Sherman fairly presented these two federal issues. To begin, Sherman filed two motions before the circuit court, a motion for resentencing and a motion pursuant to Wis. Stat. § 974.06. Both of these motions traveled through the appellate process to the Wisconsin Supreme Court. The Court agrees that Sherman did not raise his federal claims during his first trip through the state appellate process on his motion for resentencing.

However, in his post-conviction litigation in state court, he did fairly present the federal issues. Before the circuit court, in his *pro se* postconviction motion pursuant to Wis. Stat. § 974.06, Sherman argued that his postconviction counsel was ineffective for failing to raise the argument the trial court violated his due process rights by failing to consider applicable sentencing guidelines. (Answer, Ex. p. 132-33.) Within this argument, Sherman raised the issue that "[s]ince no guidelines exist or have been promulgated, and no applicable analogous offense guideline was applied for the controlling sentence Sherman received, there exists no guideline worksheet for the courts to compare the sentencing transcript and his sentence to," and this violated Sherman's due process rights under *Gardener v. Florida*, 430 U.S. 349 (1977). (Answer, Ex. p. 135-36.) The circuit court ruled against Sherman on the grounds the issues had already been raised before the trial court and the court of appeals (Answer, Ex. p. 174.) Though the circuit court ruled on other grounds, Sherman's federal claims were fairly presented.

- 8 -

Next, Sherman, through counsel, filed a motion for reconsideration. He argued that his postconviction counsel was ineffective for failing to raise the ineffective assistance of trial counsel, who had failed to bring to the court's attention that an analogous sentencing guideline should have been used for his controlling sentence. (Answer, Ex. p. 178.) Sherman further argued the "most analogous guidelines" approach is used by all federal district courts, citing *United States v. Jones*, 278 F.3d 711, 716 (7th Cir. 2002) and argued the Wisconsin courts should follow the same analysis. (*Id.* at 179.) Finally, Sherman argued these issues were not considered by the court of appeals during Sherman's appeal on his motion for resentencing. (*Id.* at 177-78.) The trial court denied Sherman's motion for reconsideration, citing the rationale from its earlier order. (Answer, Ex. p. 185.) Again, although the circuit court did not address the federal issues, Sherman alerted the trial court to both his due process claim and his Sixth Amendment claim.

Sherman also presented his federal claims before the court of appeals. Sherman argued his postconviction counsel was ineffective for failing to raise the issue that the trial court violated his due process rights when it failed to consider analogous sentencing guidelines. (Answer, Ex. p. 382.) Sherman further argued he "enjoys a full and equal expectation subject to due process protection that he will receive the same sentencing process that others who are similarly situated to Sherman enjoy," and that the "sentencing process must satisfy the requirements of the due process clause," citing *Gardner v. Florida*, 430 U.S. 349 (1977). (Answer, Ex. p. 384-85.)

The court of appeals affirmed the trial court's decision in *State of Wisconsin v. Sherman*, 2010 WI App 159, 2010 WL 4188133 (unpublished). (Answer, Ex. p. 476-484.) In its decision, the court of appeals, citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984), held that postconviction counsel was not ineffective by failing to argue that the circuit court erred when it

sentenced him on the repeated second-degree sexual assault of the same child charge without considering the sentencing guideline for an analogous crime. 2010 WI App 159, ¶ 8; (Answer, Ex. p. 479.) The court of appeals rejected Sherman's argument regarding the "most analogous guideline" approach used by the federal district courts, stating Wisconsin courts are not bound by federal sentencing guidelines or by federal cases dealing with federal rules that differ from the Wisconsin rules. *Id.* ¶ 10; (Answer, Ex. p. 480.) The court of appeals found that Sherman's analogous sentencing guidelines argument was without merit and further found that failing to make a meritless argument does not render counsel's performance deficient. *Id.* ¶ 12; (Answer, Ex. p. 481.) Though the court of appeals did not address the issue using the words "due process" or "equal protection," the issue was fairly presented and the court of appeals decided the issue on its merits.

Before the Wisconsin Supreme Court, Sherman raised both his due process claim and his Sixth Amendment claim. In his *pro se* petition for review, he stated the issue as "Whether a sentencing court's failure to consider an applicable analogous sentencing guideline violates the due process/equal protection clause of the Fourteenth Amendment when consideration of an applicable guideline was in place as an obligation of the court at the time of sentencing." (Answer, Ex. p. 494.) Although, as the respondent notes, Sherman does not provide lengthy argument to the Wisconsin Supreme Court on his ineffective assistance of counsel claim, Sherman directs the supreme court to his arguments found in his brief to the court of appeals for the supreme court to "review and make rulings upon." (*Id.* at 498-99.) The pages he directs the Wisconsin Supreme Court to include all of his arguments for ineffective assistance of counsel. (*Id.* at 499.)

- 10 -

Case 2:11-cv-00197-NJ   Filed 01/18/12   Page 10 of 16   Document 30

In sum, the Court agrees that Sherman did not provide a highly detailed presentation of his federal issues. But, liberally construed, his claims adequately call to mind specific constitutional rights - the Sixth Amendment right to effective assistance of counsel and the Fourteenth Amendment right to due process in sentencing. As to his ineffective assistance claim, Sherman cited the Sixth Amendment and *Strickland v. Washington*. Regarding his due process and equal protection claims, Sherman cites the Fourteenth Amendment and *Gardener v. Florida* in support of his contention that his sentencing process must satisfy the requirements of the due process clause. While Sherman does not cite case law that stands for the proposition that a state court's failure to consider analogous sentencing guidelines violates one's due process rights, Sherman's arguments before the state courts allege a pattern of facts within the mainstream of constitutional litigation of those rights. Thus, Sherman's claims contain enough detail to have sufficiently alerted the state court to his federal constitutional claims.

Finally, Sherman must present the same "factual and legal bases" to the federal court that he presented to the state court. *Curtis v. Montgomery*, 552 F.3d 578, 583 (7th Cir. 2009). However, "hypertechnical congruence between the claims" made in the federal and state courts is not required. *Anderson v. Benik*, 471 F.3d 811, 814-15 (7th Cir. 2006). And a petitioner may "reformulate his claims somewhat, so long as the substance of his argument remains the same." *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001). It is true that Sherman's federal argument is more developed in his petition before this Court than it was before the state courts. However, the substance is the same: that his due process/equal protection and Sixth Amendment rights were violated. *See Picard v. Connor*, 404 U.S. 270, 277 (1971)(holding that "variations in the legal theory

or factual allegations" of a claim do not bar review so long as the substance of the federal claim remains the same). For these reasons, the Court finds that he has exhausted his claims.

### B. *Procedural Default*

The respondent further argues Sherman also procedurally defaulted his claims. The procedural default doctrine precludes federal review of a state court's habeas decision when the state court's decision was based on adequate and independent state law, or when the federal issue was not fairly presented to the state courts and those courts would now hold the claim procedurally barred. *Ward*, 613 F.3d at 696. A state court's decision rests on adequate and independent state law when a state court does not reach a federal issue because it applied, evenhandedly, a state procedural rule. *Willis v. Aiken*, 8 F.3d 556, 561 (7th Cir. 1993). In those cases, the matter is closed to the federal habeas court absent a showing of cause and prejudice. *Id.*

As discussed above, the court has already found Sherman fairly presented his federal issues to the state courts. Additionally, the state court considered Sherman's ineffective assistance of counsel claim citing *Strickland v. Washington*. Although the court of appeals does not use the words "due process" or "equal protection" in its decision regarding Sherman's "most analogous sentence" argument, Sherman clearly put the federal claim before the Wisconsin courts and the Wisconsin courts decided the issue on its merits. As such, the respondent's argument Sherman procedurally defaulted his federal claims fails.

## II. The Merits of Sherman's Federal Claims

### A. *Due Process and Equal Protection Claims*

Sherman claims that he was denied due process and equal protection under the Fourteenth Amendment when the trial court failed to consider applicable sentencing guidelines, as required by Wis. Stat. § 973.017(2) (2005-2006). (Petitioner's Br. at 9.)

Sherman acknowledges that no sentencing guideline was ever promulgated for the controlling offense of repeated second degree sexual assault of the same child. (Petitioner's Br. at 12.) However, Sherman argues the sentencing court was obliged to consider a sentencing guideline and because the trial court failed to consider a sentencing guideline, his due process and equal protection rights were violated. (*Id.* at 9-15.) Because there was no sentencing guideline for his controlling sentence, Sherman argues the trial court should have considered the most analogous guideline, which was the guideline for a violation under Wis. Stat. § 948.02(2), second degree sexual assault of a child. (*Id.* at 12-13.)

Sherman argues his due process and equal protection rights were violated when the sentencing court failed to consider the sentencing guidelines for Wis. Stat. § 948.02(2) when considering his controlling sentence. Habeas relief may be granted only when custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a); *Bloyer v. Peters*, 5 F.3d 1093, 1098 (7th Cir. 1993). Habeas relief is unavailable to remedy errors of state law. *Dellinger v. Bowen*, 301 F.3d 758, 764 (7th Cir. 2002). Thus, "an error in . . . the application of state sentencing rules, does not present a cognizable claim for federal habeas relief." *Id.* There is no federal obligation for Wisconsin courts to consider analogous state guidelines. And Wisconsin courts are not bound by federal sentencing guidelines. *State v. Kaczynski*, 2002 WI App

276, ¶ 11 n.1, 258 Wis. 2d 653, 654 N.W.2d 300. Sherman cannot obtain habeas relief for a state court's determination of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991)("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

Thus, Sherman is not entitled to habeas relief on his claim the sentencing court failed to consider an analogous sentencing guideline.

### B. *Ineffective Assistance of Counsel*

Sherman alleges his postconviction counsel was ineffective for failing to raise Fourteenth Amendment violations at the time of Sherman's direct appeal. (Petitioner's Br. at 16); (Petitioner's Reply at 5.)

Judicial scrutiny of counsel's performance must be highly deferential. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). The Supreme Court has stated:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Id.*

A habeas petitioner bringing an ineffective assistance of counsel claim must show that the state court unreasonably applied *Strickland* in evaluating his claim. *Julian v. Bartley*, 495 F.3d 487, 494 (7th Cir. 2007). The state court's application of *Strickland* must be more than erroneous, it must be "objectively unreasonable." *Id.* The court of appeals, citing *Strickland*, found that to maintain an ineffective assistance of counsel claim, a defendant must show that counsel's

performance was deficient and that the deficient performance prejudiced the defense. *Sherman*, 2010 WI App 159, ¶ 7 (citing *Strickland*, 466 U.S. at 687). However, if a defendant fails to prove one prong, a court need not address the other. *Id.*

In holding that Sherman had not established an ineffective assistance of counsel claim, the court of appeals found that a sentencing court was only required to consider guidelines that were specifically applicable to the crime for which the sentence was imposed. *Id.* ¶ 9. The statute did not suggest, much less require, that a court consider guidelines for analogous crimes. *Id.* Further, the state sentencing court was not bound by federal sentencing law. *Id.* ¶ 10. As such, the court of appeals found Sherman's analogous sentencing guideline argument was without merit and failing to make a meritless argument does not render counsel's performance deficient. *Id.* ¶ 12.

Applying the deferential standard which is owed to the state court, the court of appeals' finding is consistent with *Strickland*. *See Sanchez*, 189 F.3d at 623 ("Under AEDPA federal courts give deference to state court merit adjudications."). In *Strickland*, the Court stated that counsel's failure to pursue fruitless claims cannot later be challenged as unreasonable. *Strickland*, 466 U.S. at 691; *see also Stone v. Farley*, 86 F.3d 712, 717 (7th Cir. 1996) ("Failure to raise a losing argument, whether at trial or on appeal, does not constitute ineffective assistance of counsel."). As such, Sherman has failed to demonstrate that the state court's application of *Strickland* was either contrary to, or an unreasonable application of, clearly established federal law.

In sum, the decisions of the Wisconsin courts were neither contrary to, nor involved an unreasonable application of, federal law as determined by the United States Supreme Court. Therefore, Sherman's petition for a writ of habeas corpus will be denied.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n. 4). In this case, reasonable jurists would not find the court's decision to deny the petition on substantive grounds debatable or wrong. Thus, the court will deny a certificate of appealability as to all of Sherman's claims.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket # 1) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that this action be and hereby is **dismissed**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 18th day of January, 2012.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge